McGREGOR W. SCOTT
United States Attorney
HEIKO P. COPPOLA
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America



**FILED**
Jul 13, 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TANG JUAN,<br><br>　　　　　　　　Defendants. | CASE NO. 2:20-MJ-00096 DB<br><br>UNITED STATES' <u>EX PARTE</u> MOTION AND PROPOSED ORDER FOR LIMITED DISCLOSURE OF SEALED DOCUMENTS<br><br>**UNDER SEAL** |

The United States of America, by and through, the undersigned Assistant United States Attorney moves for the limited disclosure of the sealed criminal complaint and arrest warrant in the above-entitled matter. In support of this motion, the United States hereby submits the following:

　　　　1.　　On June 26, 2020 a criminal complaint and arrest warrant were issued by the Court charging Tang Juan with violations of 18 U.S.C. § 1546(a) – Fraud and Misuse of Visas, Permits and Other Documents. The criminal complaint and the arrest warrant were filed under seal by the Court on the same day. The sealing order stated that the above-captioned matter was ordered sealed until further order of the Court.

　　　　2.　　Prior to issuance of the complaint and arrest warrant, the United States obtained a federal search warrant to search the residence of Tang Juan on June 20, 2020. *See* 2:20-sw-0561 KJN, (also filed under seal).

　　　　3.　　It is now necessary for the United States government's law enforcement and national security efforts for the criminal complaint, supporting affidavit and arrest warrant to be

unsealed for the limited purpose of disclosing the existence of, and transmitting those documents to, relevant individuals within the United States Government, including representatives of the United States Department of State, for purposes of coordinating federal government law enforcement and national security activity prior to unsealing of the criminal complaint and executing the arrest warrant.

4. The Court has considerable leeway in its issuance or modification of sealing orders. *See generally In re Nat'l Broadcasting Co.*, 653 F.2d 609, 613 (D.C. Cir. 1981); *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 161 (6th Cir. 1987).

5. It is the United States' understanding that such unsealing is warranted as representatives of the Chinese government have approached the United States Government about the law enforcement activity surrounding Tang Juan. Further, the United States believes that the following advisory issued by the Department of State to U.S. citizens living in China has some relation to this case. *See* https://china.usembassy-china.org.cn/security-alert-heightened-risk-of-arbitrary-detention/.

Wherefore, the United States respectfully requests that the criminal complaint and arrest warrant for Tang Juan in the above-captioned matter be unsealed for this limited purpose.

Dated:  July 13, 2020                                           McGREGOR W. SCOTT
                                                                United States Attorney

                                                        By:    /s/ HEIKO P. COPPOLA
                                                                HEIKO P. COPPOLA
                                                                Assistant United States Attorney